SOMMERVILLE, J.
The reasons of the district judge for sustaining the demurrer to the indictment in this case are adopted as the reasons for judgment herein by the court. They are as follows:
The information charges substantially that Hans Helle prepared an infernal machine, with the intention to destroy a French ship sailing between the port of New York and the city of Havre, in France. It also alleges that, after manufacturing the machine and putting it in a box addressed to a person in Paris, France, the accused then placed the machine, so packed and addressed, in' the Faust Hotel, New Orleans, intending to have *389 said box and its contents transported by rail to tbe city of New York, and there placed on a ship of the French line. It is further alleged that the machine was so constructed that, by means of a mechanical device, it would explode at the end of 6% days from the 22d day of December, 1914, the date set out in the information.
To this information, the defendant has interposed a demurrer, in which he avers that its allegations are not sufficient in law, and do not charge any offense or crime under any law of this state.
The prosecution is based on section 846 of the Revised Statutes, as amended by Act No. 153 of 1898, p. 292, which reads as follows:
“Whoever shall maliciously prepare combustible matter or explosive substances and put them in any place with the intent to set fire or to blow up or destroy any house or building, or. ship, vessel, steamboat or other water craft, shall upon conviction, suffer imprisonment at hard labor for not less than five years nor more than fifteen years, although the said person had not yet set fire to the said combustible matter or explosive substance.”
The demurrer is leveled at that part of the indictment which alleges that the explosive was placed in the Faust Hotel, in this city, and not in the ship intended to be destroyed. The question, therefore, to be determined is whether the “place” mentioned in the statute means the identical “place” intended to be destroyed, i. e., some place on the “ship, vessel, steamboat, or other water craft,” or whether, as contended by the state, the mere putting of the machine in any place whatsoever, the destruction of which was not contemplated, is sufficient.
It seems clear that the only possible meaning that can be gathered from the language of the statute is that, in order to come within its provisions, the explosive substances must be put in the house, building, ship, vessel, etc., intended to be destroyed. The mere preparation of explosive substances with intent to destroy property, or the having of them in one’s possession for that purpose, does not constitute an offense under this section ; the Legislature, when it adopted this legislation, did not have in view the purpose to punish the acts charged and set out in this information. Every one will concede that these acts deserve punishment, but the remedy lies with the Legislature, and not .with the court.
This section prescribes a punishment for whoever has prepared combustible matter or explosive substances, and has put them in any place with the intention to blow up or destroy that place, even though he has not set fire to the explosive or combustible.
To constitute the offense one must put the explosive in the place to be destroyed, or, at least in a place near by. The information charges that the accused placed the explosive prepared by him in the Faust Hotel, in New Orleans, with the intent to blow up and destroy a ship sailing between New York and Havre. This is clearly not the offense denounced by section 846 of the Revised Statutes ; and, it does not appear to be covered by any law of this state. The fact that there is no law covering such an offense is doubtless because the Legislature never had in contemplation the acts set out in the information. The placing of an explosive in a box, with its clockwork mechanism so arranged and timed that it would explode after the lapse of a certain number of days, was hardly thought of when this legislation was enacted.
It is not an offense either to prepare, or have in one’s possession, combustible or explosive substances, with intent to destroy property, which is really the charge contained in the information, and until the explosive is put in the place to be destroyed, or, at least, sufficiently near to accomplish this purpose, there can be no violation of section 846 of the Revised Statutes.
The court does not agree with the state’s contention that a consideration of the legis *391 lation dealing with explosives will show that the offense consists in the malicious preparation of the explosive substances and putting them in any place whatsoever.
Section 845 of the Revised Statutes denounces the attempt to blow up or destroy any .house, building, ship, etc., and the mere preparation to do the act would not be sufficient to constitute an attempt, but the explosive substances must be set fire to, or, at least, an attempt to do so must have been made.
Section 846 denounces the preparation and placing of combustible or explosive matter in any place intended to be destroyed, “although the said person had not yet set fire to the said combustible matter or explosive substance.” A violation of section 846 would not necessarily be a violation of section 845. In the latter, the mere preparation or placing of an explosive would not be an attempt to set fire to, etc., while, under the former, the {Racing of an explosive with the intent to blow up or destroy the thing in which it is placed, would alone be sufficient.
Section 846 denounces the malicious preparation of combustible matter or explosive substances and the placing of the same in any place with the intent to set fire to or blow up any ship, etc., although the person so doing had not set fire to said combustible matter or explosive substance. The “any place” mentioned in the statute is that place intended to be set fire to or blown up, although the combustible matter or explosive substance had not been set fire to.
The crimes are graded in the statutes. Section 843 denounces the crimes of the firing or the blowing up with explosive substances any house, ship, etc., or the firing or exploding of any explosive substance with the intent to blow up or destroy any house, ship, etc.
Section 845 denounces the attempt to do the things denounced in section 843.
And, as has been shown, section 846 denounces the preparation and placing of combustibles and explosives with the intent to fire or blow up a house, ship, etc., although such combustibles or explosives have not yet been set fire to.
A thorough examination and consideration of the question at issue shows that section S46 of the Revised Statutes cannot, by any reasonable construction, be given the meaning contended for by the state.
Judgment affirmed.
O’NIELL, J„ dissents.